[No. 3,141.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* THOMAS WOODS.

RECORD TO CONTAIN THE EVIDENCE. — Where, in a criminal case, a motion for a new trial is based upon the ground, among others, that the evidence is insufficient to justify the verdict, and it is granted by an order of the Court in general terms, without specifying any particular ground upon which the Court proceeded, the Supreme Court will not undertake to review the order, unless the record sets forth all the evidence given at the trial.

RECORDS OF THE SUPREME COURT.—The records filed in the Supreme Court are not merely prima facie, but are conclusive in their character.

NOTES OF PHONOGRAPHIC REPORTER.—The notes of evidence taken by the Phonographic Reporter of a Court are prima facie evidence only in the Court below, and cannot be considered in the Supreme Court.

APPEAL from the County Court of Sonoma County.

The defendant was convicted of the crime of arson in the second degree.

The other facts are stated in the opinion.

*Attorney General Jo Hamilton*, for Appellant.

*George Pearce* and *E. S. Lippitt*, for Respondent.

By the Court, WALLACE, J.:

This is an appeal taken by the people from an· order granting the defendant a new trial.

The grounds upon which the motion was made were

numerous, and among the others, that the evidence is insufficient to justify the verdict.

The order was, in general terms, that a new trial be granted, without specifying any particular ground upon which the Court proceeded.

As we held in *The People* v. *McAuslan,* ante, p. 55, we cannot undertake to review such an order in any case, unless the record set forth all the evidence given at the trial—and we may here add, that even then it would probably but rarely be disturbed here—for the views of the Court below as to the sufficiency of the evidence, formed, as they are, upon a personal observation of the manner and general demeanor of the witnesses who testified at the trial, are entitled here to the utmost consideration and deference.

In the record before us no statement of the evidence is contained in an authentic form. It is true that the notes of evidence taken by the Phonographic Reporter are embodied in the transcript, and the certificate of the Reporter is appended to the effect that they constitute a correct statement of the evidence, to the best of his knowledge and belief. But the Act of 1867–8, p. 425, provides that the Reporter's notes shall be taken as *prima facie evidence* only—that is, of course, that wherever presented they are open to question and possible correction. This provision evidently refers to the proceedings to be had in the Court below upon settlement of statements, allowance of bills of exceptions, etc. The records filed in this Court, and upon which we proceed here, however, are not merely prima facie, but are conclusive in their character, and we have no means of correcting the notes of the Reporter of the Court below, or of entertaining an inquiry into their conformity with the facts actually occurring in that Court.

It results that the Reporter's notes cannot be considered

CAL. REPS. XLIII—23

in this Court; and the order appealed from must be affirmed, and it is so ordered.