## BASS VS. THE STATE.

1. CRIMINAL PLEADING.

Matters of defense, not appearing on the face of the indictment, are no ground of demurrer, but must be taken advantage of at the trial.

2. CORONER: *Power to arrest.*

A coroner is authorized to have parties who are, by the inquest, implicated in the crime of murder, arrested and held for trial in the circuit court. And an officer in whose custody they are placed has no right to release them on the order of a justice of the peace who had, prior to the death, had them arrested for attempting to take the life of the deceased. The latter officer has no power to bail in such cases.

3. EVIDENCE: *Coroner's minutes of an inquest.*

The minutes kept by a coroner of an inquest held by him are not competent evidence. The facts contained in them should be proved by the testimony of the coroner.

APPEAL from *Garland* Circuit Court.

Hon. L. D. BELDIN, Circuit Judge.

*S. R. Cockrell,* for appellant.

*Hughes,* Attorney General, *contra.*

ENGLISH, C. J. The indictment in this case, founded on sec. 1487, Gantt's Dig., p. 362, is as follows:

"The grand jury of Garland county, etc., etc., accuse Thomas Bass of the crime of permitting and conniving at the escape of prisoners, committed as follows, viz: The said Thomas Bass, on the 14th day of March, A. D. 1873, in the county of Garland, state aforesaid, as constable of Hot Spring township, having in lawful custody William Brown and George Burrough, prisoners, by virtue of a warrant or process issued by a legal and proper officer, did then and there, willfully and unlawfully and voluntarily, suffer, permit and connive at the escape of the said William Brown and George Burrough, prisoners, from his custody, and permit them to go at large, against the peace and dignity of the state of Arkansas."

The appellant demurred to the indictment, not for any defect appearing on its face, but on the grounds, as stated in the demurrer, that he was an inferior officer of Justice Allard's court, who issued a warrant for the arrest of the prisoners, and after their arrest by defendant, ordered their release.

This, of course, was no ground of demurrer to the indictment, but if available at all, was matter of defense, to be introduced on the trial.

The court overruled the demurrer, the appellant pleaded not guilty, was tried and convicted. A motion for a new trial was overruled, and he took a bill of exceptions and appealed.

On the trial, the state introduced as a witness N. H. Cloys, who testified that he was coroner of Hot Spring county on the 14th day of March, 1873, by virtue of a commission from the governor. That on said day, Thomas Bass, constable of Hot Springs township, Hot Spring county [afterwards made part of Garland county], had in his custody four men, Hall and son and Brown and Burrough, for whom said Cloys, as

coroner, had.issued a writ or warrant of arrest, and which writ or warrant of arrest had been returned as served by said Bass. That afterwards said Bass permitted Brown and Burrough to go at large without authority or permission of said Cloys.

On cross examination, he stated that his bond as coroner had been approved, and that he issued the warrant of arrest.

L. S. Allard, introduced by the state, testified that he permitted Cloys to use his office, and acted as his clerk, Cloys having an afflicted arm.

Here the state rested, and these were the only witnesses introduced by the state.

The evidence on the part of the state was as vague and uncertain as some of the material allegations of the indictment.

Mr. Russell says, every indictment for an escape, whether negligent or voluntary, must expressly show that the party was actually in the defendant's custody for some crime, or upon some commitment upon suspicion. 1 Rus. on Cr., 422–3, quoted by Bishop, who gives Archbold's precedent for an indictment, etc. Bishop Cr. Pro., secs. 889, 891, 894.

In this case, the indictment alleges that Brown and Burrough were in the custody of appellant on a warrant of arrest, but does not aver for what crime, offense, cause or charge.

Cloys testified that he issued the warrant of arrest as coroner; but did not state for what cause. He testified to no facts that would authorize him to issue a warrant of arrest.

The statute makes the coroner a conservator of the peace, and makes it his duty to cause all offenders against the law, in his view, to enter into recognizance, etc., and to quell and suppress all riots, affrays and assaults and batteries, and apprehend and commit to jail all felons and traitors. Also, to hold inquest over dead bodies, and issue warrants for the arrest of suspected persons, etc. Gantt's Dig., ch. 30.

Here the state did not introduce the warrant of arrest issued

by Cloys, nor prove, by him or any other witness, for what cause or on what charge it was issued. He stated merely that he issued the warrant of arrest, and that the prisoners were in custody of the appellant, and that he permitted them to go at large, leaving the jury to presume that the warrant was legally issued and valid — presumptions that juries are not at liberty to indulge in in criminal cases.

The substance of the testimony introduced on the part of the appellant is, that on the 11th of March, 1873, Allard, a justice of the peace, issued a warrant to arrest Brown, Burrough, and George and Abner Hall, on a charge of malicious attempt to take the life of John and Martha Bradshaw. They were arrested by appellant, as a constable, to whom the warrant was delivered, and held in custody until the 14th of March, 1873, when Allard permitted Brown and Burrough to give bail for their appearance at the circuit court, and issued an order to appellant to release them from custody, and he released them. The witnesses for the defense could not remember whether Martha Bradshaw was dead or not when Allard took the bail and ordered the release of Brown and Burrough.

The state, by way of rebutting evidence, offered to read to the jury, from a book kept by Cloys as coroner, minutes of an inquest held by him over the dead body of Martha Bradshaw; to the introduction of which, as evidence, the appellant objected, and the court overruled the objection, and the minutes were read to the jury.

The minutes show that the inquest was held on the 13th and 14th of March, 1873. The entry of the 13th shows that information having come to the knowledge of the coroner that Martha *Hall* (as she was called in the entries) had come to an unnatural death, he proceeded to have the body examined by surgeons, and to summon and impanel a jury of

twelve men to hold an inquest, etc., whose names are given, and that in the afternoon they adjourned to meet at the office of Justice Allard, in Hot Springs.

The entry of the 14th shows that the coroner's court convened, jury present, witnesses were examined, and the "jury returned a verdict that the deceased, Martha Hall, came to her death from a gun-shot wound, inflicted willfully and maliciously, by Abner Hall, and that George Hall, George Burrough and Wm. Brown were accessories before the fact; whereupon, after said Abner Hall, George Hall, George Burrough and Wm. Brown had been arraigned and interrogated as to the death of Martha Hall, and their whereabouts at the time the murder took place, and they positively having refused to say anything as to their guilt or innocence in the matter, commitments were issued, and Abner Hall and George Hall delivered over to the sheriff, to await their trial at the next term of the circuit court, etc., George Burrough and Wm. Brown having been allowed by the constable, Thomas Bass, to leave, contrary to my orders, after having been placed in his keeping."

These minutes were signed by Cloys as coroner.

Had the state proven the material facts stated in these minutes, by Cloys, when on the stand as a witness confronting the appellant, in addition to the facts sworn to by him, a case would have been made out against the appellant; for the court had authority to cause Brown and Burrough, implicated by the inquest in the murder of Mrs. Hall or Bradshaw, to be arrested and held by the appellant, as constable, and he had no right to release them on the order of Allard, the justice who had caused them to be arrested before the death of Mrs. Hall for the lesser offense of attempting to kill, etc. Gantt's Dig., secs. 891, 892, 893. Justices of the peace have no power to bail in capital cases, murder or manslaughter. Id., sec. 1711.

. But the coroner's minutes were not competent evidence for, the state, and the court erred in permitting them to be read to the jury.

The judgment must be reversed and the cause remanded with instructions to the court below to set aside the verdict,. and for such other proceedings as may be in accordance with law, and not inconsistent with this opinion,