[No. 11789. Department Two. — August 19, 1887.]

## MATILDA B. REID, RESPONDENT, v. ROBERT K. REID, APPELLANT.

EVIDENCE — TRANSCRIPT OF EVIDENCE — INADMISSIBLE IN SUBSEQUENT AC-
TION. — Under section 273 of the Code of Civil Procedure, the stenog-
rapher's transcript of the testimony, in a civil case, given by a party in
a prior action, although certified to by the stenographer as being correct,
is not admissible in a subsequent action as evidence of what he said on
the former trial.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*L. W. Elliott,* and *J. C. Campbell,* for Appellant.

*J. B. Hall,* for Respondent.

HAYNE, C. — In order to contradict the defendant upon a material point, the plaintiff was permitted, against objection, to introduce the stenographer's transcript of evidence given by the defendant in a different suit. This transcript, which does not appear from the record to have ever been filed, was certified by the stenographer "to be a true and correct transcription from my shorthand notes taken in the trial of said cause." The stenographer was not examined as a witness, but the transcript was admitted on the faith of the certificate. The question is, whether the paper was legal evidence of what the defendant said on the former trial.

So far as we have been able to ascertain, this precise question has not been decided in this state. In *People* v. *Woods,* 43 Cal. 176, it was sought to use the reporter's notes as a record on appeal. The decision was, that they could not be so used, because a record on appeal imported absolute verity, and the notes were only *prima facie* evidence. In *Meyer* v. *Roth,* 51 Cal. 582, the notes were

sought to be introduced, not as evidence of an admission, or in contradiction of what had been sworn to, but as original evidence of the fact in dispute; but the witness who had testified, being alive and within the state, this was not permitted: the decision did not touch the point that the notes were not evidence of what the witness had said, but was that what the witness had said was not evidence of the fact in dispute. In *People* v. *Lee Fat*, 54 Cal. 529, the witness whose testimony was sought to be introduced could not speak English, and the testimony was given through an interpreter. The decision was, that what the reporter had taken down was not what the witness had said, but was what the interpreter had said he had said, and was therefore hearsay. And *People* v. *Ah Yute*, 56 Cal. 120, followed the preceding case, and laid down the same rule. In *People* v. *Chung Ah Chue*, 57 Cal. 568, the decision turned on the construction of section 686 of the Penal Code, and is not applicable to cases to which that section does not apply. And *People* v. *Qurise*, 59 Cal. 344, simply followed the preceding case. In *Hicks* v. *Lovell*, 64 Cal. 22, the admission of the reporter's notes of what the witness had sworn to was sustained on the ground that "no objection was made to the transcript as evidence of his testimony." In *People* v. *Cunningham*, 66 Cal. 672, only two justices concurred in the opinion, and they placed their opinion on the ground of "the admissions of the defendant's counsel." The decisions of the court, therefore, do not cover the precise question.

By the common law there can be no doubt but that the evidence was inadmissible; for the document amounts to a mere certificate of the reporter that the evidence had been given. It had not the sanction of an oath. The oath of office is not an oath in the cause. As said by Tilghman, C. J., in *Miles* v. *O'Hara*, 4 Binn. 110, concerning the notes of a judge: "It is refining too much to say that he takes his notes under the obligation; nor

is that the oath which the law requires to verify a fact."
Moreover, there was no opportunity for cross-examina-
tion.   These principles have been applied in analogous
cases.   Thus it has been held that the judge's notes are
not admissible.   (*Miles* v. *O'Hara,* above cited; *Schafer* v.
*Schafer,* 93 Ind. 586.)   So of the minutes of a referee.
(*Mott* v. *Ramsay,* 92 N. C. 152.)   So of the notes of a
committing magistrate.   (*State* v. *Collins,* 32 Iowa, 36.)
So of the notes of a coroner.   (*Bass* v. *State,* 29 Ark. 142.)
And so of the notes of a stenographer.   (*Lipscomb* v.
*Lyon,* 19 Neb. 511; compare *Rounds* v. *State,* 57 Wis. 52.)

If, therefore, the notes are admissible, it must be by
virtue of some statute.   The statute which is claimed to
cover the case is section 273 of the Code of Civil Pro-
cedure, which is as follows:—

"Sec. 273.   The report of the official reporter or
official reporter *pro tempore* of any court, duly appointed
and sworn, when written out in long-hand writing, and
certified as being a correct transcript of the testimony
and proceedings in the case, shall be *prima facie* a correct
statement of such testimony and proceedings."

But this statute does not say that the transcript shall
be legal evidence of any fact.   It simply says that it is
*prima facie* correct.   The two propositions do not seem
to be identical.   There are many things which are not
only presumably but demonstrably correct, but which are,
nevertheless, not legal evidence.   Moreover, the notes are
only *prima facie* correct.   If the reporter had been called
and had testified on his examination in chief that the
transcript was correct, it would have to be taken at that
stage as *prima facie* correct.   But the opposite party would
have had the right to cross-examine him, before pro-
ceeding further, to show its incorrectness, and possibly
would have succeeded in eliciting something which would
have shown such incorrectness.   And to make the docu-
ment itself admissible upon the faith of the certificate
would deprive the party of this right of cross-examina-

tion, which the authorities agree is one of the most important tests of truth. But even if the reporter could have stood the test of cross-examination, and the result of his whole testimony had been that the transcript was correct, we do not think that the transcript would have been admissible except in connection with the testimony of the reporter. The unfiled transcript is certainly not a public record, but must be put upon the footing of a private memorandum; and having been written up we do not know when, it was not admissible as part of the *res gestæ;* as to which, see *Severance* v. *Lombardo,* 17 Cal. 57; *Sill* v. *Reese,* 47 Cal. 342. This being the case, the transcript could at most have been used to refresh the memory of the witness. And the general rule with reference to the admissibility of papers used to refresh the memory of a witness is stated by Cowen and Hill in their notes to Phillips on Evidence, as follows: "He will not be permitted to read his notes or memoranda to the jury, nor can they be admitted as evidence to the jury in any sense." (1 Phill. Ev., 4th Am. ed., 586, note 170.) This general rule seems to be embodied in the Code of Civil Procedure, for, after providing that *the adverse party* may read the memorandum to the jury, it has the following: "So, also, a witness *may testify from* such a writing, though he retain no recollection of the particular facts." (Code Civ. Proc., sec. 2047.)

We think, therefore, that section 273 does not make the transcript itself admissible in evidence. Nor is this to be regretted. For the provision is so unlimited as to open the door to gross frauds if the construction contended for should be given to it. There is no requirement that the notes shall be filed. Either party to the action in which they are taken, or the judge, may require them to be filed. But in practice this option is hardly ever exercised. Consequently there is nothing by which their incorrectness may be shown. Moreover, there is no limit to the time within which the certificate may be

given. From the absence of words of limitation in this
regard, and from the fact that the official reporter is
placed in the same category with the reporter *pro tempore*,
it would seem that he may give his certificate after ceas-
ing to be reporter, even ten or twenty years after, and
the result would be that a party might find himself con-
fronted with a certificate as to what had been said in
another cause, perhaps between other parties, a long time
previously, and have nothing of record by which he
could disprove it, and possibly be unable to find a trace
of the person who had given the certificate. Part of the
ground upon which public documents, or copies thereof,
are admissible, is the publicity of the subject-matter.
(1 Greenl. Ev., sec. 483.) And where a certificate is ad-
missible, it is a material circumstance that it was not
made long after the fact. (*Gaines* v. *Relf*, 12 How. 535.)

But what meaning is to be given to the statute? Speak-
ing of the act of 1867–68, which went further than the
code (because it provided that the notes should be *prima
facie* evidence), Wallace, J., delivering the opinion in
*People* v. *Woods*, above cited, said: "This proceeding evi-
dently refers to the proceedings to be had in the court
below upon settlement of statements, allowance of bills
of exception, etc." If the framers of the section had any
other purpose in view, it cannot be gathered from their
language.

It is to be observed that the foregoing relates to civil
cases. Possibly the provisions of the Penal Code, taken
together, may be different.

We therefore advise that the judgment and order be
reversed, and the cause remanded for a new trial.

BELCHER, C. C., and FOOTE, C., concurred.

THE COURT. —For the reasons given in the foregoing
opinion, the judgment and order are reversed, and cause
remanded for a new trial.