[No. 20359.  In Bank. — March 20, 1888.]

## THE PEOPLE, RESPONDENT, *v.* J. G. GRUNDELL, APPELLANT.

TRANSCRIPT OF REPORTER'S NOTES. — A transcript of the shorthand reporter's notes in a criminal case, certified as provided in section 869 of the Penal Code, is placed upon the same footing as a deposition, and is admissible in like cases.

ID. — TIME OF FILING. — The requirement as to the time of filing is merely directory.  Filing in a reasonable time is sufficient.

ID. — FILING OF ORIGINAL NOTES — RECORD MUST SHOW ERROR. — If the appellant claims that there was error in admitting the transcript because the original notes were not filed, he must show affirmatively that they were not filed.

DEPOSITION TAKEN UNDER STIPULATION. — A deposition taken under a stipulation which provides for the admission of the deposition without conditions is governed by the stipulation, and not by the statutory provisions.

ACCOMPLICE — CORROBORATION. — The objection that a witness was an accomplice goes to the effect of the evidence, and not to its admissibility.  Instance sufficient corroboration of a charge of stealing a steer.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion.

*M. H. Hyland,* for Appellant.

*Attorney-General Johnson,* for Respondent.

HAYNE, C. — The appellant was convicted of grand larceny, and sentenced to one year in the state prison. Several points are made on the appeal.

1. A motion was made in the superior court to set aside the information on the ground that the committing magistrate had continued the hearing without an affidavit or the consent of the defendant, as provided by section 861 of the Penal Code. Without expressing any opinion as to whether this section is merely directory or not, it is sufficient to say that from the record before us it cannot be determined that the continuance was not by consent.

The magistrate says in his affidavit that the examination was set by consent for the 30th of March, and was begun on that day; that when the prosecution rested, the hearing was continued for ten days, at the request of the defendant; and that before the expiration of that time he was taken sick, and was unable to transact business before May 17th; but he does not state whether the intervening continuance was by consent or not.

The assistant district attorney, who had charge of the case, says in his affidavit that "each and all of said continuances were within the knowledge and consent of defendant and each of his counsel." As we construe this, it includes the continuance complained of.

The only opposing evidence is the affidavit of the prisoner himself. The affidavit of his then counsel is significantly absent. The court below evidently did not believe the statement of the defendant; and we do not see that it was bound to do so.

2. At the trial, the prosecution read in evidence, against the defendant's objection, the shorthand reporter's transcript of the testimony of one Lewis, given before the committing magistrate, and this is assigned as error.

Section 869 of the Penal Code provides for the taking down of such testimony "as a deposition," and that "the transcript of the reporter appointed as aforesaid, when written out in longhand writing, and certified as being a correct statement of such testimony and proceedings in

the case, shall be *prima facie* a correct statement of such testimony and proceedings." And the section goes on to provide that "the reporter shall, *within ten days* after the close of such examination, if the defendant be held to answer the charge, transcribe into longhand writing his said shorthand notes, and certify and file the same with the county clerk of the county or city and county in which the defendant was examined, and shall, in all cases, file his original notes with said clerk."

In the case of *Reid* v. *Reid*, 73 Cal. 206, it was held by Department Two that section 273 of the Code of Civil Procedure did not render the unfiled transcript of the reporter admissible as evidence. But that case is not similar to this. In the first place, the transcript in that case was not filed, and stress was laid upon that circumstance in the opinion. In this case it was filed. Such a transcript, when filed by the officer in pursuance of a provision of law, may be regarded as in the nature of an official entry. (Code Civ. Proc., sec. 1920.) The publicity of such a record is a safeguard against the dangers mentioned in *Reid* v. *Reid*. Such a document is quite a different thing from the unfiled and unsworn certificate of one who may no longer be an officer, produced at the trial from the pocket of one of the parties.

In the second place, the statute is different from that considered in *Reid* v. *Reid*, *supra*. Section 869 of the Penal Code places such transcripts upon the footing of *depositions*. And by section 1345, depositions "may be read in evidence by either party at the trial, upon its appearing that the witness is unable to attend by reason of his death, insanity, sickness, or infirmity, or of his continued absence from the state." There is no provision placing reporters' transcripts in civil cases upon the footing of depositions. For these reasons, the case of *Reid* v. *Reid*, *supra*, is not in point.

We think it sufficiently appeared that the witness was out of the jurisdiction, and therefore it was proper to

read the deposition in evidence. (*People* v. *Oiler*, 66 Cal. 102.)

There are, however, several objections taken to the form of the deposition.

(*a*) It is said that it appears that the deposition was not filed within ten days after the close of the examination, as required by the provision above quoted. But we think that the specification as to time is directory merely. If the filing be within a reasonable time, it is sufficient. And we are not prepared to say that the time in this case was unreasonable.

(*b*) It is said that the deposition was not admissible, "because it did not show the business or profession of the deponent." But it states that he was a boy of sixteen years of age, living with his brother on a place in the Santa Cruz mountains. At that age it is not to be presumed that he had any business or profession, especially as he was living with his brother. Under the circumstances, we think the objection was properly overruled.

(*c*) It is said that the "original notes" of the reporter were not filed with the transcript, as required by the section. But the record does not show that they were not filed. The presumption is in support of the judgment, and it is the duty of the appellant to make an alleged error apparent from the record. It may be that it appeared that the original notes were on file. (*Clark* v. *Sawyer*, 48 Cal. 141, 142.) The same may be said as to the want of a certificate and signature, although objections on these latter grounds were not taken at the trial, and are not argued in the briefs.

It is to be observed that what is here said relates to the construction of the record, and not to the showing to be made at the trial.

3. The prosecution also read in evidence the deposition of one Rost, which was taken before Judge Belden in open court, and written down by the reporter of the court. Certain objections were taken to the mode of

authentication of this deposition, and also that there was no proof that the witness could not be produced at the trial.

It appears, however, that the defendant appeared by his counsel in open court, and consented that the "deposition of Ernest Rost, a witness detained in custody to testify, may be taken; that the said testimony of the said witness be taken down by the shorthand reporter of this court, and the same may be by him hereafter written out, and said written notes of the direct and cross-examination read in evidence upon the trial of said cause with the same force and effect as if said witness were himself present and testifying."

This was an express consent that this identical deposition should be read in evidence at the trial. There was no condition that it should be shown that the witness could not be produced.

The deposition was taken as provided in the stipulation, and is to be governed by it, and not by the provisions as to depositions in the Penal Code. In this view the certificate was unnecessary.

4. It is said that the above-mentioned depositions were not admissible or sufficient to support the conviction, because the witnesses were accomplices. But the objection that a witness was an accomplice does not go to the admissibility, but only to the effect, of his evidence. In this case, if it be assumed that there was such knowledge on the part of Rost as to make him an accomplice, we think that the other evidence, to the effect that the owner missed his steer, and shortly afterwards its hide and some entrails were found buried in defendant's back yard, is sufficient corroboration of the accomplice. (See *People* v. *Cleveland*, 49 Cal. 577; *People* v. *Cloonan*, 50 Cal. 449; *People* v. *Kunz*, 73 Cal. 313.) The court below informed the jury of the rule as to the testimony of an accomplice, in its oral charge, to which no exception was taken. The other matters do not require special notice.

We therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C, and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.

PATERSON, J., dissented.