[Crim. No. 370. Third Appellate District.—January 17, 1917.]

THE PEOPLE, Respondent, v. G. H. COATES, Appellant.

CRIMINAL LAW — VIOLATION OF LOCAL OPTION LAW — SUFFICIENCY OF EVIDENCE.—In a prosecution for violation of section 14 of the local option law, the evidence is sufficient to sustain a conviction, where it appears therefrom that at a certain time defendant was arrested at his residence in no-license territory, that at that time there were three persons under the influence of intoxicating liquor in the front room of the house, two of whom were sitting at a table, with a bottle of beer before them; that in the house were found several cases of beer, a number of bottles of whisky and an ice-chest, also drinking glasses and a number of empty bottles and beer cases; that defendant had occupied the premises for about two weeks, during which time different persons had been seen, on divers occasions and at various hours of the day, entering and leaving the house; and some money, amounting to a little more than two dollars in silver, was found in a "little pitcher" attached to the wall of the room in which the men were found by the officers.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

M. T. Brittian, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was charged by information filed in the superior court of Tehama County by the district attorney of said county with the violation of the provisions of section 14 of the local option law, known as the "Wyllie Act," and upon his trial for said offense was convicted by the jury. He appeals from the judgment and the order denying his motion for a new trial.

The transcript on appeal was filed in this court on the nineteenth day of August, 1916. The defendant has not, however, filed a brief or points and authorities in support of his appeal, nor was he represented by counsel when his cause was regularly called for oral argument in this court. The attorney-general, therefore, submitted the case upon the record.

Section 14 of the Wyllie law provides: "It shall be unlawful for any person, corporation . . . , within any no-license territory, to keep, conduct or establish, as principal or agent, any place where alcoholic liquors are sold, served or distributed, or are kept for the purpose of sale or distribution, except as provided in section 16 hereof; and every day that such place shall be kept, established or conducted shall constitute a separate offense."

The evidence shows that the defendant, at about the hour of 11 o'clock on the night of April 16, 1916, was arrested at his place of residence in the city of Red Bluff, which, it was admitted, is situated within the boundaries of no-license territory; that, when the arrest was made, there were three persons under the influence of intoxicating liquor in the front room of the house; that two of these persons were sitting at a table, with a bottle of beer before them; that, in the house, were found several cases of beer, a number of

bottles of whisky and an ice-chest; that there were also found drinking glasses and a number of empty bottles and beer cases. These facts were brought out through the testimony of four witnesses, who were the officers making the arrest. It further was made to appear that the defendant had occupied the premises for about two weeks prior to his arrest and that, during that period, different people had been seen, on divers occasions and at various hours of the day, entering and leaving the house. The witnesses further testified that they found some money, amounting to a little more than two dollars in silver in a "little pitcher," fixed and attached in some manner to the wall of the room in which the men above referred to were found by the officers.

The defendant did not himself take the witness-stand, but introduced some testimony for the purpose of showing that the place or house wherein the liquors were found was his home. The proof of this fact may be conceded.

The evidence is, we think, amply sufficient to preclude this court from declaring that by it the verdict was not justified. Giving the testimony presented by the people full credit, as we are bound to do, since the jury presumptively did so, it is clear that therefrom the jury were justified in finding that, notwithstanding that the place where the liquors were found was, as was the theory of the defense, the home of the defendant, said liquors were not kept and served by the accused, "to members of his family or to his guests, as an act of hospitality" (Wyllie Law, sec. 6), but that he dispensed and served the same for money, and that thus his "home" became "a place of public resort" within the intent of the law. There was no claim made at the trial that the defendant's act or acts came within any of the other exceptions enumerated in section 16 of said law.

The instructions and the rulings of the court touching the evidence have been carefully examined, and in them no errors have been found. The charge of the court with clearness explained to the jury every principle of law pertinent to the issues.

The defendant appears to have been accorded a perfectly fair and impartial trial.

The judgment and the order appealed from are affirmed.

Chipman, P. J., and Burnett, J., concurred.