[Crim. No. 356.   Third Appellate District.—January 17, 1917.]

## THE PEOPLE, Respondent, v. ANDREA MAGRI, Appellant.

CRIMINAL LAW—APPEAL—FAILURE OF APPELLANT TO FILE BRIEF—REMEDIES.—Where the appellant in a criminal case fails to file a brief or points of authorities and is not represented by counsel when the case is called for oral argument, the attorney-general has two courses, to wit, to move, upon notice, for a dismissal of the appeal, or the submission of the cause for decision upon the record.

ID.—ASSAULT WITH DEADLY WEAPON — SUFFICIENCY OF EVIDENCE.— In this prosecution for assault with a deadly weapon with intent to murder, it is held that there was sufficient evidence to support the verdict convicting defendant of assault with a deadly weapon, and that no error appears from the record.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order denying a new trial. James G. Estep, Judge.

The facts are stated in the opinion of the court.

No appearance for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The conviction complained of here is of the crime of assault with a. deadly weapon, and was obtained under an information, filed by the district attorney of Shasta County, in the superior court thereof, charging the defendant with the crime of assault with a deadly weapon with the intent to kill and murder one P. Della.

The appeal is from the judgment and the order disallowing the defendant's motion for a new. trial.

The clerk's transcript was filed in this court on May 1, 1916, and that of the court reporter, prepared in accordance with sections 1247 and 1247a of the Penal Code, was likewise filed on June 7, 1916.

The defendant has filed no brief or points and authorities, and was not represented by counsel when the cause regularly came on and was called up for hearing and oral argument

before this court. Under these circumstances there was open
to the attorney-general either one of two courses only, viz.:
1. To move, upon notice, for a dismissal of the appeals;
2. The submission of the cause for decision upon the record.
The latter course was adopted by the attorney-general, hence
an examination of the record is required.

The assault charged occurred at a place called Motion, in
Shasta County, on the sixteenth day of December, 1915.
There is testimony disclosed by the record which, if believed
by the jury, as from their verdict it must be assumed that
it was, warranted the finding of these facts: That the pros-
ecuting witness, one P. Della, had been working in a mine
located a short distance from Motion; that he ceased work-
ing in said mine on the fourteenth day of December, 1915,
received from the company owning the mine a check for
the sum of $25 in payment for wages due him, and, on the
fifteenth day of December, 1915, accompanied by a mine
laborer named O'Hara, left Coram, to which place he went
from the mine on the day he quit work, started to go by
foot to Iron Mountain, in said county; that on their way to
Iron Mountain the two men stopped at Motion, where the
defendant was then engaged as a bartender in a saloon; that
the defendant and his wife lived in the building in which
said saloon business was carried on; that Della and O'Hara
had a number of drinks at the saloon, being waited on by
the accused, and also were served with a lunch by the de-
fendant; that, shortly after eating the lunch, O'Hara
proceeded on his journey, while Della, who is an Italian, re-
mained at the saloon; that the defendant, also an Italian,
and Della thereafter had several drinks and conversed about
the "old country;" that Della asked Magri to cash his check
for $25, saying that he would then pay for the drinks and
lunch with which he had been served; that, at about this
time, Della made some reference to the defendant's brother,
with whom Della claimed some acquaintance, and that
thereupon the defendant became very angry and ordered
Della to leave the saloon; that Della then turned toward
the front door through which exit from the saloon was
necessary, his back being toward the bar and the defendant;
that the latter thereupon fired at Della with a shotgun. the
shots entering the upper part of Della's body and inflicting
two wounds, to wit, one just at the edge of the shoulder blade

and the other at the upper edge of the collar bone, both wounds being round or in circular form and one measuring an inch and three-fourths in diameter; that immediately after being shot Della left the saloon and was finally taken on a train to Redding, thence to the county hospital, where he remained and was treated for several weeks.

Thus it is manifest that no claim could well be urged in this court that the verdict does not receive sufficient support from the evidence.

The court's charge to the jury has been examined with care, and such examination has convinced us that it was full, fair, and faultless in the statement of all the principles of law essential to an enlightened consideration by the jury of the evidence and all the issues of fact developed thereby.

Nor have we in our examination of the record (which has been just as thorough as if the case had been briefed or otherwise argued in behalf of the accused) found justification for declaring that any of the rulings of the court admitting and excluding testimony involved substantial or prejudicial error. On the whole, the defendant seems to have been accorded a fair and impartial trial, and, we may add, was, under the evidence as it appears to us, exceedingly fortunate in securing a verdict adjudging him guilty of an offense of less gravity and carrying with it a penalty of much less severity than that of the crime specifically charged in the information.

The judgment and the order are affirmed.

Chipman, P. J., and Burnett, J., concurred.