[Crim. No. 380.   Third Appellate District.—April 16, 1917.]

## THE PEOPLE, Respondent, v. THOMAS MASCHINI, Appellant.

CRIMINAL LAW—APPEAL—FAILURE TO FILE BRIEF OR APPEAR—RIGHT OF PROSECUTION.—Where on a criminal appeal, the defendant fails to file any brief or to appear either by counsel or in person on the hearing of the appeal after notice to his counsel that the case had been placed on the calendar, the attorney-general has the right to submit the cause for determination upon the record.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.   Clifton H. Connick, Judge.

The facts are stated in the opinion of the court.

G. M. Pittman, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was by information charged with and by a jury convicted of the crime of selling alcoholic liquors in supervisorial district No. 2, in Humboldt County, which is alleged to have been at the time of the commission of the act so charged "no-license territory," it having been assigned to that category by the electors of said supervisorial district at an election held therein under the provisions of the so-called "Wyllie local option law" on the twenty-third day of April, 1912.

The appeals are from the judgment and the order denying him a new trial.

Although the record on appeal was filed on the seventeenth day of November, 1916, in the supreme court, to which the appeal had erroneously been taken, and the cause transferred to this court and the record filed here on the twenty-first day of November, 1916, the defendant failed to present and file a brief within the time required by the rule of this court, and none has since been filed or permission to file one asked for. The cause was placed upon the calendar of the regular April term of this court, beginning on the ninth day of April, 1917, and when so placed upon said calendar the attorney of record of the defendant was regularly notified of that fact. When the cause was called for hearing and argument, the defendant was not represented by counsel, nor did he appear in person to support his appeal, and no oral argument in his behalf was made. The attorney-general, in view of the situation thus presented, properly submitted the cause for determination upon the record. (*People* v. *Coates,* 32 Cal. App. 533, [163 Pac. 502]; *People* v. *Magri,* 32 Cal. App. 536, [163 Pac. 503].)

We have carefully examined the testimony, the rulings of the court upon the evidence, and the instructions. We have not discovered any prejudicial rulings admitting or rejecting testimony, and the charge to the jury contains a fair and correct statement of the principles of law pertinent to the issues.

It is not deemed necessary to reproduce herein, even synoptically, the testimony from which the jury reached their

conclusion that the accused was guilty as charged in the information. It is sufficient to say that we have, as stated, carefully read it, and thereby have been convinced that it fully supports the conclusion that, on the twentieth day of August, 1916, supervisorial district No. 2 of Humboldt County was dry or no-license territory; that the unincorporated town of Shively is situated within said "dry" unit; that the defendant kept a hotel in said town, and that on the day named he sold to one C. E. Gardner, an attaché of the office of district attorney of Humboldt County, in the presence and sight of one H. F. Kilker, another attaché of said office, a bottle of whisky, and received in payment therefor from said Gardner the sum of fifty cents.

The defendant positively denied selling any intoxicating liquor to Gardner, on the day named or at any other time, further testifying that what he did sell to him was soda water, and there was apparently some corroboration of that testimony. But manifestly the most that this court can say of that testimony is that its effect was only to produce a conflict in the evidence, which it was solely within the competence of the jury to resolve. And it was entirely with the jury to decide whether certain testimony offered by the defense in impeachment of the character of the witness Gardner for truth, veracity, and integrity was or was not sufficiently persuasive to accomplish its purpose.

The record presents to us no other alternative but to affirm the judgment and order, and it is so ordered.