[Crim. No. 412.   Third Appellate District.—January 25, 1918.]

## THE PEOPLE, Respondent, v. HARRY WAGNER, Appellant.

CRIMINAL LAW—APPEAL—FAILURE TO FILE BRIEF OR APPEAR ON HEARING—REMEDIES OF ATTORNEY-GENERAL.—Where the appellant in a criminal case fails to file a brief in support of his appeal, and his attorneys of record do not appear to argue the appeal when called for hearing, the attorney-general may either move, upon notice, to dismiss the appeal or submit the cause for decision upon the record.

ID.—LARCENY—ACCOMPLICE—EVIDENCE — SUFFICIENT CORROBORATION.— In a prosecution for the larceny of a quantity of rope, a number of tents, and other articles, sufficient corroboration of the testimony of an accomplice to satisfy the demands of section 1111 of the Penal Code is found in the testimony of the wife of the party to whose premises the stolen articles were hauled, that she saw the defendant at her home that night, heard him ask her husband to go to the place where the articles had been left by the defendant and haul them to their home, and that she saw the articles there the following day.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial. Malcolm C. Glenn, Judge.

The facts are stated in the opinion of the court.

George E. Foote, and P. J. Wilkie, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was by an information charged with and by a jury convicted of the crime of grand larceny, in the superior court of Sacramento County, and has ap-

pealed to this court from the judgment of conviction and the order denying his motion for a new trial.

The case was placed on the calendar of the January, 1918, term of this court, and when the cause was in its regular order called for hearing, neither of the two attorneys of record of the defendant appeared orally to argue the appeals, nor was there then or is there now a brief filed by said attorneys in support of the appeals, although the transcripts containing the record on appeal were filed on the third day of August, 1917, and the attorneys for the defendant duly notified by the clerk of this court that the case would be called for argument and submission on Monday, January 14, 1918. Under this state of the record there was either one of two courses only to be pursued by the attorney-general, viz.: To move, upon notice, to dismiss the appeals; 2. The submission of the cause for decision upon the record. (*People* v. *Magri,* 32 Cal. App. 536, [163 Pac. 503] ; *People* v. *Coates,* 32 Cal. App. 533, [163 Pac. 502] ; *People* v. *Maschini,* 33 Cal. App. 424, [165 Pac. 546].) The attorney-general elected to adopt the latter course, hence we have been required to examine the record to ascertain whether upon the face thereof there are errors compelling a reversal.

The defendant and three other parties were jointly charged with the larceny of a quantity of rope, a number of tents, and other articles, of the aggregate value of over two hundred dollars and the personal property of one Charles Ross. The crime was committed in the month of January, 1917, in the city of Sacramento.

The evidence need not be set out herein in detail. It is sufficient to say with respect to the proofs that there is ample testimony to support the conclusion of the jury that the defendant and at least one of the other men jointly charged with him stole the articles described in the information on a night in the said month of January and had them hauled from the premises of the owner to the home of one Gilfillen, who owns an express wagon and carries on an express business, and that said articles were kept at Gilfillen's residence for several days, when the defendant and one of his codefendants, one Cummings, had them removed to another place in Sacramento. Two of the witnesses introduced by the people to support the prosecution were codefendants of the accused. Upon the close of the people's case, the de-

fendant, through his attorneys, moved the court to advise the jury to acquit on the ground that the testimony of the said witnesses, one of whom was confessedly an accomplice of the defendant in the commission of the crime, had not been corroborated as required by section 1111 of the Penal Code. The court denied the motion, and properly so. The testimony of Mrs. Gilfillen that she saw the defendant at her home at about 9 o'clock of the night of the larceny, heard him ask her husband to go to the place where the stolen articles had been left by him (Wagner) and haul them to his (Gilfillen's) home, and saw the rope, tents, etc., at her home the following day, itself constituted sufficient corroboration of the testimony of the accomplices to satisfy the demands of the statute in that respect. There was, however, other corroboration of the accomplices in the testimony of another witness, who declared, under oath, that, a few days after the goods were stolen, he packed them at the request of Wagner and one of his confederates. Our conclusion is that the verdict is sufficiently supported by competent evidence.

We have examined the court's charge and in it we have found no error. It presented to the jury in clear language all the principles of law pertinent to the case as made by the information and the evidence.

Nor have we discovered any error prejudicial to the rights of the accused in the rulings of the court touching the admissibility of evidence.

The case seems to have been well and fairly tried and the verdict, so far as we are capable of judging from the bare record, is just.

The judgment and the order appealed from are affirmed.

Chipman, P. J., and Burnett, J., concurred.