[Crim. No. 728.   Third Appellate District.—October 26, 1923.]

## THE PEOPLE, Respondent, v. J. J. BETTENCOURT, Appellant.

[1] CRIMINAL LAW—GRAND LARCENY—COMMITMENT—MOTION TO SET ASIDE INFORMATION—PROPER DENIAL OF.—In a prosecution for grand larceny, a motion to set aside the information upon the ground that the defendant was not legally committed by a magistrate and "that no commitment was on file or in the clerk's office at the time the information was filed against the defendant" was

properly denied, where the defendant was given a preliminary hearing on the charge stated in the information, and upon the conclusion of the taking of depositions the magistrate made an order committing the defendant for trial in the superior court and entered the order of commitment upon his docket and indorsed the same on the complaint, although it was not until after the information was filed in the superior court that the commitment was either filed with the clerk of said court or even delivered to the sheriff, to whose custody a person held for trial on a felony or a high misdemeanor charge must, together with the commitment, be delivered.

[2] ID.—THEFT OF MAGNETO—TESTIMONY OF ACCOMPLICE—SUFFICIENCY OF CORROBORATION—POSSESSION OF STOLEN PROPERTY.—In a prosecution for the larceny of a magneto, testimony of an accomplice to the effect that defendant drove him in an automobile to a tractor where the magneto was and that upon his removing the magneto from the tractor he passed the same over to defendant, who threw it into the back part of the automobile, that they then started away and that the magneto was left in the rooms of defendant, was sufficiently corroborated, so as to measure up to the requirements of section 1111 of the Penal Code, by the fact that the defendant had possession of the stolen article within a few days after the commission of the larceny.

[3] ID. — CORROBORATION — CHARACTER REQUIRED. — The crime having been proved, the corroboration of an accomplice must be such only as will tend to connect the defendant with the commission of the offense.

[4] ID.—UNCORROBORATED TESTIMONY OF ACCOMPLICE—INSTRUCTIONS—ABSENCE OF ERROR.—In such prosecution, where the trial court fully instructed the jury to the effect that a person charged with crime cannot be convicted of the offense upon the uncorroborated testimony of an accomplice in the commission of the crime charged, the refusal to give the instructions preferred by the defendant upon the same subject did not involve error.

APPEAL from a judgment of the Superior Court of Butte County and from an order denying a new trial. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

James T. Matlock for Appellant.

2. Possession of recently stolen property as evidence of larceny, note, 12 **L. R. A.** (**N. S.**) 199.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was accused by the district attorney of Butte County of the crime of grand larceny, in that, on the first day of May, 1923, he did then and there "wrongfully, willfully and feloniously steal, take and carry away one magneto of the value of $90 . . . , the personal property of Cal Jackson," etc. The jury convicted him of the charge so made and he appeals from the judgment of conviction and the order denying his motion for a new trial.

The points urged for a reversal of the judgment and the order appealed from are: That error was committed in the order denying the defendant's motion to set aside the information on the ground that he was not legally committed by a magistrate, "and that no commitment was on file or in the clerk's office at the time the information was filed against the defendant"; that the evidence was insufficient to justify the verdict; that error was committed in the act of the court in refusing to give certain instructions preferred by the defendant.

[1] The motion to set aside the information was properly denied. The showing made on the motion was that the defendant was given a preliminary hearing on the charge stated in the information before the justice of the peace of Oroville township, Butte County, acting as a committing magistrate, on the seventeenth day of May, 1923; that, upon the conclusion of the taking of the depositions, the magistrate made an order committing the accused for trial in the superior court for the crime with which he was charged in the complaint filed with the magistrate; that, on said day, the magistrate entered the order of commitment upon his docket and indorsed the same on the complaint. It was further shown at the hearing of said motion that the depositions were filed by the phonographic reporter who took them, with the clerk of the superior court. It was made to appear, however, that it was not until after the information against the defendant was filed in the superior court that the commitment was either filed with the clerk of said court or even delivered to the sheriff, to whose custody a person held for trial on a felony or a high misdemeanor charge must, together with the commitment, be delivered (Pen.

Code, sec. 876), and it is for this reason that the attorney for the defendant made the claim in the court below, in support of his motion to set aside the information, and which he renews on this appeal, that the district attorney prematurely filed the information, or, in other words, filed it before there existed the legal groundwork therefor, and that, therefore, the filing of said accusatory pleading was a futile and nugatory act. Practically the same point has been before the higher courts on several different occasions in the past, and it has in each instance been held, and we doubt not properly so, that it possessed no merit.

In *People* v. *Wallace,* 94 Cal. 499 [29 Pac. 950], it is said, in reply to the proposition that the district attorney was without authority to file the information because the commitment was not indorsed "upon the complaint" or upon any of the other depositions taken before the magistrate: "It is doubtless true that the order holding to answer must be in writing, but when, as a result of an examination, such an order has in fact been made and entered upon the docket of the justice, it would seem that no further action on his part is necessary to authorize the district attorney to file an information against the defendant for the offense named in the order."

In *People* v. *Tarbox,* 115 Cal. 57 [46 Pac. 896], the information was filed in the superior court on March 9, 1896, and the depositions, transcript, and order of commitment were not returned to the superior court by the examining magistrate until March 10, 1896. The defendant moved to set aside the information upon the same ground as the motion by the defendant here is based upon, said motion being urged for precisely the same reason as that by which it is sought to support the motion here. The supreme court, in that case, disposed of the point as follows: "The question arising under the first subdivision stated (subd. 1, sec. 995, Pen. Code) is: When is the defendant legally committed? We think that occurs when the magistrate has acted judicially, and has made and signed the order of commitment. His judicial functions then cease and the return of the depositions and order of commitment is a mere ministerial duty." The court in that case then quotes approvingly the above excerpt from the case of *People* v. *Wallace, supra.*

(See, also, *People* v. *Sacramento Butchers' Prot. Assn.*, 12 Cal. App. 471, 479, 480 [107 Pac. 712].)

The contention that the jury was not justified in arriving at and returning a verdict of guilty upon the evidence before them is based upon the proposition that the chief inculpatory testimony introduced against the accused was given by an accomplice of the latter in the crime charged and that said testimony was not corroborated as is required by section 1111 of the Penal Code.

It appears that during the night of the first day of May, 1923, the magneto of a tractor belonging to Calvin Jackson, a farmer living about two miles south of Palermo, in Butte County, was removed and taken away by some party or parties unknown to said Jackson and without his consent. The magneto was of the value, approximately, of $85, according to the testimony of Jackson. The theft was reported to the sheriff of Butte County, who immediately proceeded to investigate the matter and finally, and on the eighth day of May, 1923, armed with a search-warrant, and accompanied by a deputy, went to the rooms occupied by the defendant at 106 Washington Avenue, Oroville, and, after making a search, found the magneto among other articles under a bathtub in one of his rooms. The defendant was at the house at the time the officers called there, but remained in a room adjoining the one in which the sheriff found the magneto while that officer was searching said room. The defendant said nothing and made no explanation to the officers as to how he acquired possession of the stolen article. He was arrested at the time the magneto was found and taken to and confined in the county jail.

At the trial Jackson identified the magneto by the number of the same. He testified that he had had considerable experience in the use of magnetos and that he knew that each magneto bore a different number. A young man by the name of Cowan, who stated that he was twenty years of age, testified that he had known the defendant for some time, having first made his acquaintance in Red Bluff; that late in the afternoon of the first day of May, 1923, he visited the defendant at his rooms at 106 Washington Avenue, in Oroville; that the defendant remarked to him that he (defendant) had been out in the country and had seen the magneto on Jackson's tractor and suggested that "we would

go and get it that night''; that he, upon the request of the defendant, accompanied the latter in his automobile during said night to the place on Jackson's farm where the tractor had been left by its owner that day. He stated that when they arrived at the spot where the tractor was standing the defendant told him to get out and secure the magneto and that he got out and proceeded to the tractor and to remove the magneto therefrom; that the moment that he alighted from the automobile the defendant drove on some distance and waited for a few minutes when he returned to where the tractor was, but the witness had not then succeeded in removing the magneto; that the defendant again drove away from where the tractor was and a short while thereafter returned, the witness by that time having removed the magneto; that he passed the magneto over to the defendant, who threw it into the back part of the automobile and they then started on their return to Oroville. Arriving at Oroville, the defendant went to his rooms and therein left the magneto. The witness identified the magneto which was offered in evidence as the one which had been taken by him from the Jackson tractor.

The defendant did not take the witness-stand.

[2] We think that the fact that the defendant had possession of the stolen article within a few days after the commission of the larceny is sufficient corroboration of the testimony of the accomplice to measure up to the requirements of section 1111 of the Penal Code. [3] The rule is that, the crime having been proved, the corroboration of an accomplice must be such only as will tend to connect the defendant with the commission of the offense. The defendant, as seen, did not testify in his own behalf, and neither at the time of his arrest nor at any time thereafter did he explain or attempt to explain how he secured possession of the magneto. It is true that the unexplained possession of stolen property by a party within a short time after the larceny has been committed is not by itself or alone sufficient to warrant a conviction of the accused of the asportation thereof; but it has never been held that the unexplained possession of stolen property does not afford an inference, slight though it may be, of the guilt of the accused. It is an incriminating circumstance which may be considered with any other incriminating facts and circumstances intro-

duced in the case for the purpose of determining whether the defendant was guilty of the larceny of the property so possessed, and, therefore, is sufficient corroboration of the testimony of the accomplice in this case as to the defendant's connection with the commission of the crime. (See *People* v. *Grundell*, 75 Cal. 301, 305 [17 Pac. 214]; *People* v. *Wagner*, 36 Cal. App. 41 [171 Pac. 699].)

[4] The instructions submitted by the defendant which the court refused to read to the jury, and which refusal it is here contended involved prejudicial error, were based upon section 1111 of the Penal Code, containing the statement that a person charged with crime cannot be convicted of the offense upon the uncorroborated testimony of an accomplice in the commission of the crime charged. The court in its charge fully instructed the jury upon that subject. In fact, the court used, substantially, the language itself of section 1111. The court further instructed the jury, in accordance with said section, that an accomplice was one "who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." There was no necessity for repeating these instructions and, therefore, the refusal to give the instructions upon the same subject preferred by the defendant did not involve error. No other points are presented.

The judgment and the order are affirmed.

Plummer, J., and Finch, P. J., concurred.