[Crim. No. 1189.  First Appellate District, Division Two.—December 11, 1924.]

## THE PEOPLE, Respondent, v. JENNIE NIELDS, Appellant.

[1] CRIMINAL LAW—INSPECTION OF WRITINGS—NATURE OF APPLICATION—CONSTRUCTION OF STATUTE.—Conceding (without deciding) that the defendant in a criminal case may assert rights under section 1000 of the Code of Civil Procedure, the application must be made upon notice, and must be timely and in the manner prescribed by the statute for the presentation of motions and the applications for orders, and there must be a showing that the document sought contains material evidence.

[2] ID.—CHARACTER OF WRITINGS AFFECTED.—The writings referred to in section 1000 of the Code of Civil Procedure are such writings, and only such writings, as are admissible in evidence for the purpose of establishing the case of plaintiff or the defense of defendant.

[3] ID.—UNLAWFUL SALE OF LIQUOR—KINDS OF MISDEMEANORS—EXTENT OF PUNISHMENT — REMARKS OF DISTRICT ATTORNEY — INSTRUCTIONS.—In a prosecution for unlawfully selling intoxicating liquor, where the district attorney in his argument, after stating who the parties plaintiff and defendant are and the fact that defendant is charged with a misdemeanor, goes on to state that

there are two kinds of misdemeanor and specifies the extent of the punishment for each, and he further states that the case at bar is not a felony, that there is no penitentiary offense or penalty connected with it, and that it is simply a misdemeanor,·the trial court (in response to defendant's objections to such remarks) gives defendant more than she is entitled to when it instructs the jury "to disregard any statement of the district attorney in regard to the extent of the punishment" and instructs the district attorney "to avoid a repetition of it."

(1) 16 **C. J.**, p. 801, n. 25 New.    (2) 16 **C. J.**, p. 801, n. 25 New; 18 **C. J.**, p. 1117, n. 91 New.    (3) 16 **C. J.**, p. 917, n. 67.

APPEAL from a judgment of the Superior Court of San Benito County. John L. Hudner, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. B. Peckham for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of unlawfully selling intoxicating liquor; she moved for a new trial, her motion was denied and she has taken this appeal.

On the thirty-first day of December, 1923, it was claimed by the prosecution the defendant sold intoxicating liquor to four young men or boys, Leigan, Kincaid, Pena, and Keegan. Shortly thereafter the peace officers commenced an investigation. During that investigation each of the purchasers was interviewed by the district attorney from one to six times. On one or more occasions a stenographer was present and took down the questions and answers. When the instant case came on for trial the appellant made several requests that the district attorney furnish to the appellant a typewritten statement of the questions and answers. Each of those requests was denied by the district attorney or by the trial court, according to whom the application was made, and the refusal constitutes the principal point presented by the appellant on this appeal.

The appellant claims that her right to make the request is contained in section 1000 of the Code of Civil Procedure. The respondent replies that the section cited has no application to a criminal case. Without deciding the point, but

assuming for the purpose of this decision that the section
may have application in a criminal case, we think it is clear
that the appellant never presented a record showing that
she had any right to any relief under that section. The
information was filed on the nineteenth day of February,
1924. The appellant entered her plea on the third day of
March, 1924. At no time did the appellant serve, file, or
present for record a notice of motion, or make a motion,
or make any showing that at any time or at all she would
apply for an order authorizing her to inspect or receive a
copy of one of the statements, or that the statements had
in fact been reduced to writing. On the contrary, the
record discloses affirmatively that some of the statements had
not been reduced to writing. When the witness Leigan was
on the stand, without any showing that the statement made
by Leigan had been reduced to writing, the appellant asked
the court for an order directing the district attorney to
deliver to her the statement. The court refused to make
the order. On April 8th, without making any additional
showing, the request was renewed regarding the statements
of all four of the purchasers. The court refused to make
the order. Later, when the witness Kincaid had testified
that he made a statement to the district attorney, the ap-
pellant, without making any further showing, again applied
to have the statement made by Kincaid delivered to her.
The motion was denied. Immediately thereafter the People
rested and thereupon the appellant called the district at-
torney as a witness. From him the appellant developed the
fact that the district attorney had been subpoenaed to appear
as a witness and bring the statements with him. It also
transpired that although the statements had been taken
down that all of them had not been transcribed, and in this
behalf that Kincaid's statement had not been transcribed.
The record does not disclose which one, but seems to indicate
that one or more statements were transcribed. The record
is wholly silent to the effect as to whether or not any one
of the statements contained any fact or facts of any value
whatsoever to the appellant. The record shows affirma-
tively that the district attorney, the sheriff, and the stenog-
rapher, Mrs. Johnson, were present when some of the
statements were written down in shorthand. The defense
made no attempt to call and examine any one of those per-

sons as to what he or she heard. No effort whatever was made during the examination of any one of the purchasers to lay the foundation for impeachment regarding any conflicting statements.

[1] Still conceding, without deciding, that the defendant in a criminal case may assert rights under section 1000 of the Code of Civil Procedure, it is patent that the application must be made upon notice (Code Civ. Proc., sec. 1000); and that the application must be timely and in the manner prescribed by the statute for the presentation of motions and the applications for orders (Code Civ. Proc., secs. 1003–1007). Furthermore, it is patent that there must be a substantial showing that the document sought contains material evidence. (*Ex parte Clarke*, 126 Cal. 235 [77 Am. St. Rep. 176, 46 L. R. A. 835, 58 Pac. 546].) [2] These considerations lead us to another point which is patent from a most cursory reading of section 1000 of the Code of Civil Procedure, and that is that the writings there referred to are such writings, and only such writings, as are admissible in evidence for the purpose of establishing the case of the plaintiff or the defense of the defendant, whereas in the instant case we do not understand the appellant to claim that the statements made to the district attorney, even though transcribed by the stenographer, would be admissible in evidence in the absence of supporting testimony given by the stenographer. (*Reid* v. *Reid*, 73 Cal. 206 [14 Pac. 781].)

[3] During the course of his argument the district attorney stated to the jury: "Suffice it to say in the opening that this is a case where the People of the State of California are plaintiff, and the defendant here, Jennie Nields, is the defendant, charged with a misdemeanor. You may not know it, but there are two kinds of misdemeanors, what are called the ordinary or low misdemeanor, that is tried in the Justices Court, and whenever the fine exceeds more than $500, which is the jurisdictional limit of the lower court, then we have what is known as the higher misdemeanor, the same as a felony. This is not a felony. There is no penitentiary offense or penalty connected with it. It is simply a misdemeanor." The appellant objected to the remark and asked the court to instruct the jury to disregard it. Thereupon the court stated: "Well, I am not so certain that it is not competent and proper, at the same

time as long as any question is made I will instruct the jury to disregard any statement of the district attorney in regard to the extent of the punishment and instruct the district attorney to avoid a repetition of it." In making that ruling we think that the trial court gave to the appellant more than she was entitled to.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, concurred.