### J. J. MOTT v. JOHN A. RAMSAY.

*Evidence—Referee's Note—Official Documents.*

1. The minute in writing of the evidence of a witness examined before a referee, is not admissible in evidence on the trial of an issue before a jury in the same cause.

2. Papers purporting to be exemplifications from the Treasury Department of the United States, but which were not authenticated in any manner whatever, cannot be admitted in evidence.

3. Even if such papers had been admitted as evidence before the referee, this does not make them evidence in a trial before a jury, unless by consent.

This was a CIVIL ACTION tried at Spring Term, 1883, of ROW-AN Superior Court, before *Graves, Judge.*

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Messrs. Armfield & Armfield* and *Kerr Craige,* for the plaintiff.
*Messrs. J. W. Hinsdale* and *Walter Clark,* for the defendant.

MERRIMON, J. In this case it was referred to a referee, the defendant objecting, to take and state and report an account of frequent and complicated money transactions between the plaintiff and defendant. Before the coming in of the report of the referee, the Court submitted to the jury an issue of fact.

On the trial of this issue, the plaintiff offered in evidence a minute in writing of the testimony of a witness examined before the referee. To this the defendant objected. The Court over-ruled the objection and the defendant excepted. We think the exception must be sustained. The minute of the testimony was not a deposition in the sense of the statute providing for the taking of depositions to be read as evidence on trials in the courts, in the cases allowed by law, nor is there any statute or general principle of law that makes such minutes evidence on such trials. Referees are required generally to note and report the evidence received by

them in matters referred to them, but this is matter of practice, and it is required with a view to a review by the Court of their finding of facts in some cases, and in others, to enable the Court to decide upon exceptions that may be made to the report. The loose, sometimes careless and imperfect, minutes of the testimony of a witness taken by a referee would give the jury a very unsatisfactory account of what he really testified to before him. Unless by consent, such minutes are not competent as evidence in jury trials.

It may be said, that the objecting party was present and cross-examined the witness before the referee, and so he may have done, but not with the view to take his deposition; he examined him only for the purpose of the reference and before a tribunal very different from a jury.

There is neither statute, nor principle, nor practice that warrants the admission of such minutes as evidence in jury trials.

The case settled upon appeal for this Court, states that, "the plaintiff offered in evidence certain paper-writings, as and for exemplifications from the Treasury Department of the United States, copies of which are hereto appended, marked B., C. and D., as part of this case."

The defendant objected to the admission in evidence of these paper-writings. The court overruled the objection, and the defendant excepted.

We have not been favored with an argument in favor of the appellee, and, unaided by counsel, we are wholly unable to discover any, the slightest, authentication of the papers thus objected to. We find upon a careful examination of them, that they purport to be copies of correspondence between officers of the Treasury Department of the United States in respect to parts of the Internal Revenue Service in this State. They embody facts that may be very material on the trial of the cause; but they are not authenticated at all; they simply purport to be copies of official correspondence wholy unauthenticated. It does not appear from the record before us, that they were in evidence before the referee;

but, if they were, this did not make them competent on the trial of the issue of fact, submitted to the jury, unless by consent of parties.

No question seems to have been made as to the competency of the paper-writings as evidence, if they had been properly authenticated, and we express no opinion in that respect. As they appear to us, they were not authenticated at all, and the exception must be sustained.

The appellant is plainly entitled to a *venire de novo* and we so adjudge. Let this opinion be certified to the Superior Court according to law.

*Venire de novo.*