## NATIONAL SURETY COMPANY v. MOSES B. BROCK.

### (Filed 27 November, 1918.)

**Evidence—Federal Records—Certified Copies—Statutes—Distiller's Bonds—Principal and Surety.**

> Under the Federal statutes, a distiller and the surety on his bond are made liable for all taxes and penalties imposed, when the taxes have not been duly paid by stamps, at the time and in the manner provided by law, as determined by the Commissioner of Internal Revenue and the assessment lists certified to the proper collectors, etc. In an action by the surety against the distiller to recover a penalty the former had paid on demand without notifying the latter, it is *Held,* that a certified copy of the assessment lists on record in a public office or department of the government was the best evidence of their contents, under the provisions of our statutes, and that parol evidence thereof is improperly admitted, constituting reversible error, to the defendant's prejudice.

ACTION, tried before *Cline, J.,* and a jury, at Spring Term, 1918, of DAVIE.

Plaintiff sued for the recovery of $5,000, the amount of a distiller's bond given by the defendant to the United States to secure the payment of taxes assessed against him, and which the plaintiff had signed for him as surety. The plaintiff paid the amount of the bond to the Government upon a simple demand by it and without any notice to the defendant until this action was commenced. The liability of the surety company and the defendant depended upon whether the taxes were duly assessed and a list thereof certified, as directed by the Federal statute, Revised Statutes of the United States, sec. 3182, which provides: "The Commissioner of Internal Revenue is hereby authorized and required to make the inquiries, determination and assessments of all taxes and penalties imposed by this title or accruing under any former internal revenue

act, where such taxes have not been duly paid by stamps, at the time and in the manner provided by law, and shall certify a list of such assessments when made to the proper collectors, respectively, who shall proceed to collect and account for penalties so certified." U. S. Comp, Statutes (1918), West Pub. Co. Ed., sec. 5904.

The plaintiff was permitted to prove by a witness, without producing the record or showing its loss or any other reason for not producing it, that the assessment had been made and certified and the contents thereof, and this was done over the defendant's objection and is assigned as error.

The jury returned a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

*Hastings, Stephenson & Whicker and John C. Wallace for plaintiff. A. E. Holton and B. C. Brock for defendant.*

WALKER, J., after stating the case: The judge erred in admitting the oral evidence of the contents of the assessment list, as the rule is that they must be proved by the writing itself or by an exemplified or certified copy thereof. 1 Elliott on Evidence, sec. 205. It is said that "the rule rests upon the presumption that where it appears that better evidence is withheld, the party who withholds it and seeks to substitute therefor evidence of an inferior kind has some sinister motive in doing so, or is conscious that his claim would not be supported, but would rather be defeated, if he introduced the best evidence. The object of the rule is to prevent fraud, and at the same time it brings out the most satisfactory evidence" and relates to the quality rather than to the quantity of evidence. 1 Elliott on Evidence, secs. 205, 206, 207, 212, and 409; Lockhart on Evidence, sec. 76; *Rollins v. Wicker,* 154 N. C., 560; *Varner v. Johnston,* 112 N. C., 570; *Mott v. Ramsey,* 92 N. C., 152; *Cheatham v. Young,* 113 N. C., at p. 165. Of course, where the original document is lost or its nonproduction otherwise excused, the rule does not apply. 1 Elliott on Ev., sec. 212; *Varner v. Johnston, supra.* It does not appear that the assessment list was lost nor that a certified copy could not be produced. Our statute seems to recognize the "best evidence" rule in regard to Federal documents and has provided for just such a case as this one. Revisal, secs. 1616, 1617, allowing a properly certified copy to be used as evidence to prove the contents of the original. The assessment is a matter of record in a public office or department of the Government and a certified copy can easily be obtained. The list, under U. S. Rev. Statutes, sec. 3187, when certified to the Collector of Internal Revenue of the particular district, has the force and effect of a judgment and execution, and in an action by the United States to recover the taxes so assessed it makes a *prima facie*

case of liability to the Government. *Western Express Co. v. U. S.,* 141 Fed., 28 (72 C. C. A., 516). So much more the necessity for requiring a strict compliance with the rule. We need not discuss other errors assigned.

There must be a new trial because of the error indicated.

New trial.